IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TENNESSEE
NORTHERN DIVISION AT KNOXVILLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | No.  3:13-CR-91 |
| | ) | (VARLAN/GUYTON) |
| MALCOLM LYNN CARPENTER, | ) | |
| | ) | |
| Defendant. | ) | |

**MOTION TO STRIKE DESIGNATION OF EXPERTS AND
TO EXCLUDE EXPERT WITNESSES FOR UNITED STATES,
TO LIMIT EXPERT TESTIMONY, AND/OR FOR CONTINUANCE OF TRIAL**

**COMES** MALCOLM LYNN CARPENTER, by and through appointed counsel, and respectfully moves this Honorable Court for entry of an Order striking the government's so-called designation of experts and excluding any expert witnesses whom the United States seeks to call; to limit or exclude certain expert witness testimony; and/or for a continuance of trial. For grounds, your Defendant initially notes that this Court entered its Order on Discovery and Scheduling on August 7, 2013, which provides in relevant part the following:

> [A]ny disclosure of expert information required by Rule 16(a)(1)(G), Fed.R.Cr.P., shall be made by the government at least three (3) weeks before trial. Any disclosures required by Rule 16(b)(1)(C) shall be made by defendant at least one (1) week before trial unless the Court orders otherwise.

(R.9, Order on Discovery and Scheduling, at 3, Page ID 14).  Federal Rule of Criminal Procedure 16(a)(1)(G) provides that

> the government must give to the defendant a written summary of any testimony that the government intends to use under Rules 702, 703, or 705 of the Federal Rules of Evidence during its case-in-chief at trial. . . .  The summary provided under this subparagraph must describe the witness's opinions, the bases and

reasons for those opinions, and the witness's qualifications.

Fed. R. Crim. P. 16(a)(2)(G).

In this case, the United States has violated Rule 16(a)(1)(G) in several ways. First, the United States has not given your defendant its expert disclosures "at least three (3) weeks before trial" as required by the Rule. Instead, the information provided was disclosed less than three (3) weeks before the trial date of February 18, 2014.

Second, the United States has provided inadequate information regarding expert disclosures as required by Rule 16(a)(1)(G). The United States has given only cursory information about the qualifications of the forensic chemists (for example, "[t]hese witnesses have received bachelor's degrees, at a minimum. In addition, they have received specialized training in the identification of controlled substances."), and the results of the tests performed. The information provided by the government in regard to the chemical analyses of the drugs at issue does not "adequately indicate the bases for the chemists' laboratory reports;" there is not sufficient information for your Defendant "to analyze the steps that led the government's chemists to their conclusions." *United States v. Davis*, No. 06-5883/6235, slip op. at 13 (6th Cir. Jan. 30, 2008) (attached hereto as Exhibit "A"); *see id*. at 11-13. For these reasons, the expert disclosures are insufficient in regard to the forensic chemist(s) whom the government intends to call as a witness.

Third, to the extent that the United States intends to justify the self-serving testimony of a law enforcement agent about the "method of operation of drug dealers" by cloaking such witness with the mantle of an "expert," your Defendant objects to any such testimony, because the training and experience of such a witness does not sufficiently qualify him to offer "expert" testimony as contemplated by Rule 702 of the Federal Rules of Evidence.

In *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579 (1993), the United States Supreme Court set forth a non-exclusive checklist for trial courts to use in assessing the reliability of scientific expert testimony. These specific factors are as follows:

(1) Whether the expert's technique or theory can be or has been tested—that is, whether the expert's theory can be challenged in some objective sense, or whether it is instead simply a subjective, conclusory approach that cannot reasonably be assessed for reliability;

(2) Whether the technique or theory has been subject to peer review and publication;

(3) What is the known or potential rate of error of the technique or theory when applied;

(4) Whether there is, and what are, the existence and maintenance of standards and controls; and

(5) Whether the technique or theory has been generally accepted in the scientific community.

*Daubert*, 509 U.S. at 592-94. In *Kumho Tire Co. v. Carmichael*, 526 U.S. 137 (1999), the United States Supreme Court held that these *Daubert* factors might also be applicable in assessing the reliability of nonscientific expert testimony, depending upon "the particular circumstances of the particular case at issue." 526 U.S. at 150.

In this case, the Government seeks to have an unidentified law enforcement agent with unidentified credentials testify to such things as

> the method of operation of drug dealers, the distribution quantities and values of methamphetamine, and as to how methamphetamine is made, bought and sold in the world of drug trafficking. . . . . He will testify about the distribution of methamphetamine, and, specifically, that the methamphetamine possessed by the defendant in this case was consistent, in form, quantity, and packaging, with methamphetamine intended for distribution.

R.21, Government's Notice of Expert Testimony Pursuant to Rule 16 of the Federal Rules of Criminal Procedure, at 2-3, Page ID 45-46). Not only is much, if not most, of this proposed testimony irrelevant to the issues at trial, but none of these items meets the criteria set forth in *Daubert*. In fact, the proposed testimony of the unidentified law enforcement agent really amounts to nothing more than the personal opinions of the officer, and could reasonably differ from others who examined the same evidence. The bottom line is that the United States wants to take away the decision of the jury as to the individual acts attributed to the Defendant, and have the so-called expert witness tell them what their opinion should be. Each of the items that the Government lists — to the extent that the same is even relevant here — is something that any reasonably competent juror, when presented with sufficient evidence, can determine for himself or herself, without being told what to think about the evidence from an "expert".

**WHEREFORE**, your Defendant, MALCOLM LYNN CARPENTER, respectfully requests that this Court enter an Order that does the following:

(1) Strike the government's purported designation of expert witnesses filed on or about January 30, 2014; and exclude any expert witnesses whom the United States seeks to call at the trial of this cause, based on the non-compliance with this Court's Order of August 7, 2014.

(2) To the extent that this Court allows any witness allowed to testify as an expert on the "method and operation of drug dealers," to limit such testimony on relevancy grounds to exclude testimony about the methods of operation of methamphetamine dealers; the distribution quantities and values of methamphetamine; and how methamphetamine is made, bought, sold, and

distributed.

(3) Continue the trial of this cause for an appropriate length of time, and reset any applicable deadlines.

(4) For such other relief that this Court deems appropriate pursuant to Federal Rule of Criminal Procedure 16(d)(2).

Respectfully submitted this 3rd day of February, 2014.

**GULLEY OLDHAM, PLLC**

s/Gerald L. Gulley, Jr.
GERALD L. GULLEY, JR., Esq.
(BOPR #013814)
Attorney for MALCOLM LYNN CARPENTER

P.O. Box 158
Knoxville, TN 37901-0158
(865) 934-0753

**CERTIFICATE OF SERVICE**

I hereby certify that a true copy of the foregoing document was filed electronically, with notice of this filing to be sent by operation of the Court's electronic case filing system; any other interested parties will be served by regular United States Mail with prepaid first-class postage thereon sufficient to cause delivery. Parties may access this filing through the Court's electronic case filing system.

This the 3rd day of February, 2014.

By: s/Gerald L. Gulley, Jr.
Attorney