UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | No.: 3:13-CR-91-TAV-HBG |
| MALCOLM LYNN CARPENTER, | ) ) ) | |
| Defendant. | ) | |

## **MEMORANDUM OPINION AND ORDER**

This criminal matter is before the Court on the defendant's Objection to Memorandum and Order on Defendant's Motion to Exclude Expert Witness for United States [Doc. 51]. In the Memorandum and Order (the "Order"), United States Magistrate Judge H. Bruce Guyton found that Drug Enforcement Agency Task Force Officer Michael Commons may present expert testimony on methamphetamine manufacture and trafficking, that such testimony is generally relevant, and that a hearing to apply the test set out in *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579 (1993) is not necessary in this case [Doc. 49 p. 1–2, 9–10].

In his Objection, the defendant requests the Order be overruled "to the extent that it allows the government to use DEA Agent Michael Commons (or anyone else) as an expert witness, in violation of the requirements of *Daubert/Kumho Tire*, to testify about the 'method and operation of drug dealers,' the distribution quantities and values of methamphetamine, and how methamphetamine is made, bought, sold, and distributed"

[Doc. 51 p. 3–4]. The government has submitted a response to the defendant's Objection [Doc. 52].

## I. Standard of Review

Because the Order involves nondispositive matters, under 28 U.S.C. § 636(b)(1) and Rule 59(a) of the Federal Rules of Criminal Procedure, the Order will stand unless clearly erroneous or contrary to law. Neither party, however, has addressed the standard of review.[1] But even after undertaking a *de novo* review, the Court finds the defendant's Objection is without merit.

## II. Analysis

First, the defendant attacks the precedential value of *United States v. Parlier*, 570 F. App'x 509 (6th Cir. 2014) [Doc. 51 p. 1–3]. The magistrate judge cited *Parlier* to support his finding that the officer's testimony on methamphetamine manufacture and trafficking is relevant to the charged conspiracies to manufacture methamphetamine [*See* Doc. 49 p. 9]. The defendant argues *Parlier*'s precedential value "is severely minimized, if not negated," because Parlier's case was reviewed for plain error as a result of her failure to object in district court to the proposed expert testimony on methamphetamine manufacture [Doc. 51 p. 2].

---

[1] The government does not discuss the standard of review, but it does state that it will treat the defendant's Objection as an appeal from the Order inasmuch as the Order adjudicated nondispositive issues and that the magistrate "did not abuse his discretion in making his findings and legal conclusions" [Doc. 52 p. 1 n.1, 4].

2

The Court does not agree with the defendant. While the standard of review may render two cases less analogous, there is no indication that the outcome of the relevant discussion in *Parlier* would have been different had another standard of review been applied. *See Parlier*, 570 F. App'x at 516 (approving officer's expert testimony on methods of methamphetamine manufacturing in prosecution for conspiracy to manufacture methamphetamine).

And even giving less weight to *Parlier*, the Court finds that the magistrate judge's decision to permit expert testimony on methamphetamine manufacture and trafficking in a conspiracy case rests on solid footing [*See* Doc. 49 p. 6–9 (citing, for example, *United States v. Harvey*, No. 05-6163, 2007 WL 1339837, at *5–6 (6th Cir. May 7, 2007) (holding that district court did not abuse its discretion in admitting officer's expert testimony on use of coffee filters in manufacturing methamphetamine as relevant to whether the defendant possessed methamphetamine with the intent to distribute)); *see also United States v. Lopez-Medina*, 461 F.3d 724, 742–43 (6th Cir. 2006) (holding that district court did not abuse its discretion, in prosecution for conspiracy to distribute cocaine, by permitting DEA Agents to testify as experts on drug trafficking)]. The government has cited multiple Sixth Circuit cases that have permitted similar expert testimony, including cases where the testimony is used to shed light on the significance of certain behavior and on a defendant's intent [*See* Doc. 52 p. 2–3; *United States v. Swafford*, 385 F.3d 1026, 1030 (6th Cir. 2004) ("Police officers are routinely allowed to testify that circumstances are consistent with distribution of drugs rather than personal

3

use."); *see also United States v. Jordan*, 511 F. App'x 554, 567 (6th Cir. 2013) (stating, in a drug conspiracy case, that the Sixth Circuit "has consistently found that drug enforcement agents' testimony is relevant and aids the jury's understanding of drug dealing")].

Second, the defendant argues the government's proposed expert testimony "must first be scrutinized via the criteria set forth in *Daubert*" [Doc. 51 p. 3]. This assertion relates to the defendant's other argument regarding *Parlier*—that the case cannot be used as precedent because it does not discuss whether a pre-trial voir dire of the government's expert is required to determine whether to apply the *Daubert* factors to assess the testimony's reliability [*See id.* at 2–3]. The defendant, however, does not cite a single case that applies the *Daubert* line of cases to any specific type of expert testimony, let alone to method-of-operation testimony by law enforcement. Moreover, the magistrate judge did not rely solely on *Parlier*. And *Parlier*'s lack of discussion about the necessity of a pre-trial *Daubert* hearing possibly indicates the well-settled nature of admitting such expert testimony without a pre-trial hearing. *See, e.g.*, *United States v. Evans*, 272 F.3d 1069, 1094 (8th Cir. 2001) ("There is no requirement that the District Court always hold a *Daubert* hearing prior to qualifying an expert witness under Federal Rule of Evidence 702.").

"District courts have considerable latitude in deciding how to perform their '*Daubert*' gatekeeping function." *United States v. Phung*, 127 F. App'x 594, 597 (3d Cir. 2005). In other words, trial judges have "the discretionary authority needed both to avoid

4

unnecessary 'reliability' proceedings in ordinary cases where the reliability of an expert's methods is properly taken for granted, and to require appropriate proceedings in the less usual or more complex cases where cause for questioning the expert's reliability arises." *Id.* (quoting *Kumho Tire Co. v. Carmichael*, 526 U.S. 137, 152 (1999)). Testimony similar to the government's proposed testimony is commonplace in the Sixth Circuit, and the defendant has not demonstrated that this case is less usual or more complex.

"Courts have overwhelmingly found police officers' expert testimony admissible where it will aid the jury's understanding of an area, such as drug dealing, not within the experience of the average juror." *E.g.*, *United States v. Montgomery*, 491 F. App'x 683, 690 (6th Cir. 2012) (quoting *Lopez-Medina*, 461 F.3d at 742). Here, after discussing the *Daubert/Kumho* gatekeeping function [Doc. 49 p. 5–6], the magistrate judge appropriately found that the proposed testimony about how methamphetamine is made and trafficked "is not information within the average juror's knowledge" and is proper in this case [*Id.* at 7].

### III.   Conclusion

In sum, having reviewed the record and the relevant law, the Court does not find that the magistrate's findings were clearly erroneous or contrary to law. And even upon *de novo* review, the court agrees with the magistrate judge's analysis and findings. Accordingly, and for the reasons previously stated, the defendant's Objection to Memorandum and Order on Defendant's Motion to Exclude Expert Witness for United

5

States [Doc. 51] is **OVERRULED**, and the magistrate's Memorandum and Order [Doc. 49] is **AFFIRMED**.

IT IS SO ORDERED *NUNC PRO TUNC* December 5, 2014.

s/ Thomas A. Varlan
CHIEF UNITED STATES DISTRICT JUDGE
