# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TENNESSEE
# NORTHERN DIVISION AT KNOXVILLE

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | No.    3:13-CR-91 |
| ) | (VARLAN/GUYTON) |
| MALCOLM LYNN CARPENTER, ) | |
| ) | |
| Defendant. ) | |

## MOTION *IN LIMINE* TO EXCLUDE CERTAIN TESTIMONY
## BY EXPERT WITNESS LISTED BY UNITED STATES

**COMES** MALCOLM LYNN CARPENTER, by and through appointed counsel, and files this Motion *in Limine* to exclude certain testimony by DEA Task Force Officer Michael Commons. Your Defendant anticipates that TFO Commons, who is listed on the government's Revised Notice of Expert Testimony (R.24, Page ID71-72), may seek to give testimony about, *inter alia*, the disposal of hazardous waste generated from the manufacture of methamphetamine, and the dangers associated with the manufacture of methamphetamine, as well as his personal experiences regarding same.

Your Defendant respectfully suggests that certain anticipated testimony of Agent Commons would not only be irrelevant to the determination of the existence of a conspiracy as charged against your Defendant, but also would be unfairly and improperly prejudicial. Your Defendant has attached as Exhibit A hereto a copy of a transcript of testimony by Agent Commons in the trial of *United States v. Jeffrey Scott Braden*, No. 3:13-CR-45-7. In his

1

testimony, Agent Commons not only testifies about the manufacturing process for methamphetamine, but also about the process of dismantlement of clandestine methamphetamine laboratories (or "clan labs") and the associated hazardous materials, including the chemicals present, the protective measures used, the dangers to persons, the medical effects of methamphetamine on a user, the ultimate destruction of the methamphetamine components, and the effects of an exploding container on Agent Commons at a methamphetamine lab site. (Exhibit A, at 43-45, 49-51, 57-59).[1]

Several things about this testimony are improper, both on relevancy grounds and on unfair prejudice grounds:

(1) First, the use of the term "clan lab" is unfairly prejudicial because of the association of the word "clan" which, as spoken, could lead a juror to believe that the facility described is somehow associated with the Ku Klux Klan.

(2) Second, any testimony about the medical effects of methamphetamine on a user are improper because not only does this testimony not have any tendency to make a fact of consequence more or less probable than it would be without the evidence, and thus would be irrelevant to proving the existence of a conspiracy to manufacture methamphetamine, Fed. R. Evid. 401, but Agent Commons is not qualified to render a medical opinion about the effects of methamphetamine on a person.

(3) Third, testimony about the protective clothing and measures that may be required to dispose of methamphetamine are not relevant to proving the charges of conspiracy to

---

[1] The page numbers referred to are the page numbers listed on the transcript excerpt attached in Exhibit A.

2

manufacture methamphetamine, Fed. R. Evid. 401; and also are unfairly prejudicial because they serve only to cast a heroic aspect to the witness, as well as constituting improper bolstering of the witness's testimony.

(4) Fourth, testimony about the method and means of the ultimate destruction of methamphetamine components at a site, and particularly the effects of an exploding container on Agent Commons at another methamphetamine lab site, are not relevant to proving the charges of conspiracy to manufacture methamphetamine, Fed. R. Evid. 401; and also are unfairly prejudicial because they serve only to cast a heroic aspect to the witness, as well as constituting improper bolstering of the witness's testimony.

**WHEREFORE**, your Defendant, MALCOLM LYNN CARPENTER, respectfully requests that this Court limit the testimony of DEA Task Force Officer Michael Commons to preclude any testimony about (1) the disposal of hazardous waste generated from the manufacture of methamphetamine, on the grounds that such testimony is not relevant to the determination of the existence of a conspiracy to manufacture methamphetamine, and further will be unfairly and improperly prejudicial to your Defendant; (2) the dangers associated with the manufacture of methamphetamine, and the means and methods used, on the grounds that such testimony is not relevant to the determination of the existence of a conspiracy to manufacture methamphetamine, and further will be unfairly and improperly prejudicial to your Defendant; (3) his personal experiences in disposing of methamphetamine, on the grounds that such testimony is not relevant to the determination of the existence of a conspiracy to manufacture methamphetamine, and further will be unfairly and improperly prejudicial to your Defendant; (4)

3

any testimony about the medical effects of methamphetamine on a user, on the grounds of relevancy, as well as a lack of qualification to render such testimony; and (5) the use of the term "clan lab" in describing methamphetamine manufacturing sites, on the grounds of unfair prejudice.

Respectfully submitted this 12th day of January, 2015.

**GULLEY OLDHAM, PLLC**

s/Gerald L. Gulley, Jr.
GERALD L. GULLEY, JR., Esq.
(BOPR #013814)
Attorney for Malcolm Lynn Carpenter

P.O. Box 158
Knoxville, TN 37901-0158
(865) 934-0753

**CERTIFICATE OF SERVICE**

I hereby certify that a true copy of the foregoing document was filed electronically, with notice of this filing to be sent by operation of the Court's electronic case filing system; any other interested parties will be served by regular United States Mail with prepaid first-class postage thereon sufficient to cause delivery. Parties may access this filing through the Court's electronic case filing system.

This the 12th day of January, 2015.

By: s/Gerald L. Gulley, Jr.
Attorney

4